1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

EDDIE RENCHER, JR.,    )  2:11-cv-01040-RCJ-GWF

10            )

     Plaintiffs,    )

11            )  **ORDER**

   vs.       )

12            )

STATE OF NEVADA, et al.,   )

13            )

     Defendants.   )

14 _____)

15

16    On November 4, 2011, the court issued a Screening Order directing that most of

plaintiff's claims shall proceed and dismissing defendants Scott Graham and MBI, Inc. from the action

17

(ECF #21).  Before the court is plaintiff's motion for relief from Order under Federal Rule of Civil

18

Procedure 60(b) (ECF #23).

19

20    Where a ruling has resulted in final judgment or order, a motion for reconsideration may

be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

21

59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

22

*Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

23

24    Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order

for the following reasons:

25

26     (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
     discovered evidence which by due diligence could not have been

27     discovered in time to move for a new trial under Rule 59(b); (3) fraud
     (whether heretofore denominated intrinsic or extrinsic),

28     misrepresentation, or other misconduct of an adverse party; (4) the
     judgment is void; (5) the judgment has been satisfied, released, or

discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its Order dated November 4, 2011, the court dismissed defendants Scott Graham and MBI, Inc., on the basis that plaintiff did not set forth more than bare, conclusory allegations that these defendants–who according to the complaint are not state actors–conspired with prison personnel to deprive plaintiff of his civil rights (ECF #21). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that the portion of this court's Order dismissing these defendants should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for relief from Order under Federal Rule of Civil Procedure 60(b) (ECF #23) is **DENIED.**

Dated this _ 7th_ day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

2