UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDDIE RENCHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:11-cv-01040-RCJ-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NEVADA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On January 17, 2012, the Court issued an order denying Plaintiff's motion for leave of court to file a second amended complaint. *See* Order (#30).  Before the Court is Plaintiff's Motion for Relief from Order under Federal Rule of Civil Procedure 60(b) (#31), filed February 2, 2012.  The Court has considered Plaintiff's motion and Defendants' Response (#32), filed February 7, 2012.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9$_{th}$ Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

1       (6) any other reason justifying relief from the operation of the judgment.

2 Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin*
3 *Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a
4 party must set forth facts or law of a strongly convincing nature to induce the court to reverse its
5 prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal.
6 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of
7 the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall
8 be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R.
9 Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court
10 is presented with newly discovered evidence, committed clear error, or if there is an intervening
11 change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting*
12 *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

13       The Court may also exercise its inherent power to revise, correct, and alter interlocutory
14 orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d
15 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir.
16 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue
17 previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v.*
18 *Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d
19 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when
20 (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the
21 evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a
22 manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114. A motion for reconsideration
23 is properly denied when the movant fails to establish any reason justifying relief. *Backlund v.*
24 *Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). A motion for reconsideration should not merely
25 present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting
26 the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d
27 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party
28 cannot have relief under this rule merely because he or she is unhappy with the judgment.").

In its Order dated January 17, 2012, the Court denied Plaintiff's motion for leave to file a second amended complaint on the basis that Plaintiff had not set forth facts sufficient to cure the already identified insufficiencies regarding the alleged claim that Scott Graham and MBI, Inc. conspired with prison personnel to deprive Plaintiff of his civil rights. (#30).  The Order was consistent with the Court's prior Order dated November 4, 2011, wherein the same claim against Scott Graham and MBI, Inc. was dismissed because Plaintiff did not set forth more than bare, conclusory allegations.  (#21).  Plaintiff has failed to make an adequate showing that the Court should reconsider its Order denying the motion for leave to file a second amended complaint.  He has simply indicated his disagreement with the Court's decision.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Order under Federal Rule of Civil Procedure 60(b) (#31) is **denied**.

DATED this 9th day of February, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**