UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE RENCHER, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:11-cv-01040-RCJ-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

     This matter is before the Court on Plaintiff Eddie Rencher Jr.'s Motion to Clarify (#39), filed March 9, 2012, and Defendants' Response (#41), filed March 12, 2012.

     By way of his motion, Plaintiff seeks clarification of the Court's order (#33) denying Plaintiff's motion for reconsideration (#31) of the Court's prior order denying Plaintiff's motion for leave of court to file a second amended complaint (#30).  In its prior order (#33), the Court concluded that Plaintiff had not shown facts sufficient to warrant reconsideration of the decision to deny Plaintiff's motion for leave to file a second amended complaint.  It is Plaintiff's view that the Court did not adequately consider certain evidence attached to Plaintiff's original motion for relief (#31).

     As previously noted, courts retain discretion to depart from a prior order in certain circumstances.  *See* Order (#33) at 2:19-22 (citing *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998)).  Reconsideration is not appropriate when a movant relies on arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").  Here, Plaintiff has raised the exact arguments previously raised to support his argument for reconsideration.  He has not provided any

new evidence. He has not shown that circumstances have changed. He has not shown an intervening change in the law. He has not shown that the Court's prior decision was clearly erroneous. He has simply identified prior arguments, already considered, that he believes support his requested relief. Disagreement with an order or ruling is not sufficient grounds for the requested relief.

Moreover, Plaintiff's request for certification of the Court's order as final for purposes of appeal under either Rule 54(b) or 60(b) is premature. Magistrate judges' orders made under 28 U.S.C. § 636(b)(1)(A) or § 636(b)(1)(B) are not final orders and cannot be appealed directly to a Federal appellate court. *See Estate of Conyers v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993); *see also Lee v. Plantation of Louisiana, LLC*, 454 Fed. Appx. 358 (5th Cir. 2011) (citations omitted). Thus, before an appeal may be taken, Plaintiff must appeal the decision to the District Judge pursuant to section 636(a)(1)(A) and Local Rule IB 3-1(a).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Clarify (#39) is **denied**. Plaintiff has fourteen (14) days from the date of service of this order to file and serve specific written objections to the ruling together with points and authorities in support thereof.

DATED this 16th day of May, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2