UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDDIE RENCHER, JR.,<br><br>                    Plaintiff,<br><br>     v.<br><br>THE STATE OF NEVADA, ex rel. et al.,<br><br>                    Defendants. | Case No. 2:11-cv-01040-MMD-CWH<br><br>ORDER<br><br>(Defs.' Motion for<br>Summary Judgment – dkt. no. 37) |

**I.     SUMMARY**

Before the Court is Defendants' Motion for Summary Judgment (dkt. no. 37). For the reasons stated below, the Motion is granted.

**II.    BACKGROUND**

Pro se Plaintiff Eddie Rencher is an inmate housed at the Southern Desert Correctional Center ("SDCC"). Defendants are correctional nurses Teodoro Bernardo, Sharon Yeager, and Rodrigo Espejo ("Correctional Nurse Defendants"), and Nevada Department of Corrections ("NDOC") supervisors SDCC Director of Nursing Cheryl Dressler, SDCC Warden Brian Williams, NDOC medical director Dr. R. Bruce Bannister, and Former NDOC Director Howard Sklonik ("Supervisory Defendants").

Plaintiff is a diabetic and alleges that on June 28-30 and July 1, 2010, the Correctional Nurse Defendants provided him with expired syringes to administer his

insulin.[1] Plaintiff alleges that on July 1, 2010, after using the syringes to inject himself with insulin, he discovered that the syringes had an expiration date of February 2010. Rencher asserts that on July 1, 2010, Nurse Sharon Yeager also informed him that the syringes were expired, and said "so use them or don't that's all we have, and we have to use them up." (Dkt. no. 53 at 16.) Defendants admit that SDCC utilized out-dated syringes on the relevant dates but deny that any SDCC staff-persons purposefully provided plaintiff with the out-dated syringes.

Plaintiff brings an Eighth Amendment deliberate indifference claim against all Defendants, alleging that the syringes should not have been distributed and implying that the syringes potentially resulted in his contracting Hepatitis C.[2]

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued a screening order regarding Plaintiff's Complaint on July 14, 2011. The Magistrate Judge dismissed all claims other than Plaintiff's claims against Defendants Williams, Bannister, Skolnik, Dressler, Espejo, Bernardo, and Yeager in their individual capacities. (Dkt. no. 7 at 5.) Defendants now move for summary judgment on Plaintiff's remaining claims.

### III. DISCUSSION

#### A. Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

---

[1] Plaintiff provides an e-mail from what appears to be the distributor who provides SDCC's medical syringes stating that his company cannot guarantee the syringes' sterility after the product's expiration date. (Dkt. no. 53 at 18.)

[2] Dr. Bannister states in his declaration that a misdirected response to a prison grievance may be the reason Plaintiff believes he contracted Hepatitis C from the out-dated syringes. Dr. Bannister states that he sent Plaintiff a response to a "second level grievance" regarding Hepatitis C treatment, but that the response was in fact intended for a different inmate. (Dkt. no. 37-1 at 16.)

1  matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine"
2  if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for
3  the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit
4  under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).
5  Where reasonable minds could differ on the material facts at issue, however, summary
6  judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.
7  1995), *cert. denied*, 516 U.S. 1171 (1996).  "The amount of evidence necessary to raise
8  a genuine issue of material fact is enough 'to require a jury or judge to resolve the
9  parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897,
10 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89
11 (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all
12 inferences in the light most favorable to the nonmoving party.  *Kaiser Cement Corp. v.*
13 *Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
14     The moving party bears the burden of showing that there are no genuine issues
15 of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In
16 order to carry its burden of production, the moving party must either produce evidence
17 negating an essential element of the nonmoving party's claim or defense or show that
18 the nonmoving party does not have enough evidence of an essential element to carry its
19 ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210
20 F.3d 1099, 1102 (9th Cir. 2000).  Once the moving party satisfies Rule 56's
21 requirements, the burden shifts to the party resisting the motion to "set forth specific
22 facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  The
23 nonmoving party "may not rely on denials in the pleadings but must produce specific
24 evidence, through affidavits or admissible discovery material, to show that the dispute
25 exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do
26 more than simply show that there is some metaphysical doubt as to the material facts."
27 *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).
28 ///

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     Plaintiff's Claims against the Correctional Nurse Defendants**

Although prisoners may be deprived of some of their rights fundamental to liberty, they "retain the essence of human dignity inherent in all persons." *Brown v. Plata*, 131 S. Ct. 1910, 1928 (2011). The Eighth Amendment protects this dignity in its prohibition against cruel and unusual punishment. Because society takes from prisoners their liberty to provide for themselves, they become dependent on the state for shelter, food, clothing, and medical care. "A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." *Id.*

"[T]he government has an obligation to provide medical care for those whom it punishes by incarceration," *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988), and cannot be deliberately indifferent to the medical needs of its prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle*, 429 U.S. at 104. Prison doctors, medical staff, or prison guards can all be liable for Eighth Amendment violations. *Id.* The Supreme Court has identified two forms of deliberate indifference: when prison officials deny, delay or intentionally interfere with medical treatment, or by the way in which prison physicians provide medical care. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-05).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that failure to treat her or his condition

4

could result in further significant injury or the unnecessary and wanton infliction of pain. *Id.* A serious injury is not the type of "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059-60 (citations omitted).

Second, the plaintiff must demonstrate that the defendant's response to the need was deliberately indifferent by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted). The requirement of a purposeful act/failure to respond is intended to preclude a finding of deliberate indifference for accidents or inadvertent failures to provide adequate medical care. *Estelle*, 429 U.S. at 105.

### 1. Serious Medical Need

Defendant argues that Plaintiff cannot establish a serious medical need because he cannot show that prison staff exposed him to an unreasonable risk of serious damage to his health. Defendants maintain that Plaintiff was never provided with unsterile, re-used, or contaminated syringes, although Defendants do not contest that the syringes were out-dated. (*See* dkt. no. 37-1 at 3.) However, it is not Plaintiff's burden on summary judgment to prove that an out-dated syringe cannot cause harm or injury; that is Defendants' burden.

More importantly, Defendants misconstrue the first part of the Eighth Amendment deliberate indifference test. The relevant question is whether Rencher's diabetes constitutes a serious medical need. The answer is undoubtedly yes. *See Lolli v. Cnty.*

///

*of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) ("It [Type I diabetes] constitutes a serious medical need.")

The parties agree on three important aspects of this case: (1) that Rencher was a diabetic and therefore needed syringes to inject himself with insulin on a daily basis; (2) that Defendants provided Rencher with syringes, and in doing so responded to Rencher's serious medical need; and (3) that the syringes administered to Plaintiff for four days in late June and early July 2010 were past their expiration date. Therefore, the relevant inquiry is not whether Rencher had a serious medical need or whether Defendants responded to that need. Rather, the Court must consider whether or not Defendants' response to the need – providing Plaintiff with expired syringes – constitutes deliberate indifference under the Eighth Amendment.

### 2. Defendant's Response to Medical Need

Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett*, 439 F.3d at 1096. Here, the Correctional Nurse Defendants demonstrated deliberate indifference towards Plaintiff's medical needs if they purposefully provided Rencher with inadequate medical care in the form of expired syringes for administering his insulin. *See id.* The requirement of a purposeful act or purposeful failure to respond is intended to preclude a finding of deliberate indifference for accidents or inadvertent failures to provide adequate medical care. *Estelle*, 429 U.S. at 105. Mere negligence does not rise to an Eighth Amendment violation. *Hutchinson*, 838 F.2d at 394.

Correctional Nurse Defendants Bernardo, Yeager, and Espejo testified in sworn declarations that they did not know they provided Rencher with out-dated insulin syringes and in fact believed the syringes they provided to him were within their established use date. (Dkt. no. 37-1 at 1-2, 10, 12-13.) Plaintiff does not provide any evidence to the contrary regarding Defendants Bernardo and Espejo. For this reason, the Court determines that no reasonable juror could find that Defendants Bernardo or

Espejo acted intentionally or knowingly when they provided Plaintiff the out-dated syringes. Defendants' Motion for Summary Judgment regarding Plaintiff's Eighth Amendment claims against Defendants Bernardo and Espejo is accordingly granted.

However, there is a genuine issue of material fact regarding whether Defendant Yeager knew that the syringes were out-dated. In her declaration, Nurse Yeager states that she did not know she distributed any out-of-date syringes to Rencher. (Dkt. no. 37-1 at 10.) However, in his declaration, Mr. Rencher states that on July 1, 2010, Nurse Yeager informed him that the syringes were expired. (Dkt. no. 53 at 15-16.) This conflicting evidence creates a genuine issue of material fact as to whether Defendant Yeager knew that the syringes were out-dated. Therefore, the Court must now turn to whether Plaintiff was harmed by Nurse Yeager providing him with the out-dated syringes.

### 3. Harm

Although plaintiff need not show "his harm was substantial," *Jett*, 439 F.3d at 1096, "an inadvertent failure to provide adequate medical care does not, by itself, state a deliberate indifference claim for § 1983 purposes." *Wilhelm v. Rotman,* 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citations omitted).

Defendants assert that there is no evidence that Plaintiff was harmed as a result of Nurse Yeager's providing him with out-dated syringes. Rencher counters that he has not been tested for Hepatitis C, and that the SDCC does not regularly conduct tests for the disease. Further, Plaintiff asserts that after using the syringes, he experienced constant itchy eyes, extreme headaches, and constant muscle spasms.

In her declaration, Nurse Yeager states that Plaintiff's medical records demonstrate that Mr. Rencher did not suffer any medical symptoms after he was administered the out-of-date syringes. (Dkt. no. 37-1 at 3-4.) This is sufficient to defeat any genuine issue of material fact regarding the itchy eyes, extreme headaches, and constant muscle spasms. Moreover, in her declaration Nurse Yeager states that she reviewed Rencher's laboratory test results completed on August 16, 2010, and that there

is no documentation in these lab results or in Plaintiff's other medical records that would support a diagnosis of Hepatitis C. (Dkt. no. 37-1 at 4.) She further asserts that if Rencher had contracted Hepatitis C, such results would have appeared based on the tests conducted. (*Id.*)

Plaintiff claims that he has not been tested for Hepatitis C, and that Dr. Sanchez, a prison physician whom Plaintiff spoke with in September 2010, informed him that SDCC does not test for Hepatitis C. (Dkt. no. 53 at 16.) However, there is no evidence that Plaintiff ever reviewed his medical records. And Nurse Yeager's statements constitute affirmative evidence that Plaintiff does not have Hepatitis C. Plaintiff's conclusory statements to the contrary cannot create a genuine issue of material fact. *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.") (citing *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property*, 904 F.2d 487, 492 n. 3 (9th Cir.1990)).

Because there exists no medical evidence that Plaintiff contracted Hepatitis C or any other medical injury as a result of Nurse Yeager providing him with out-dated syringes, Defendants' Motion for Summary Judgment regarding Plaintiff's Eighth Amendment claim against Nurse Yeager is granted.

## C.  Plaintiff's Claims against the Supervisory Defendants

"Supervisors may not be held liable under § 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior." *Grindling v. Martone*, CIV. 12-00361 LEK/BM, 2012 WL 3776491, at *3 (D. Haw. Aug. 29, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1230 (9th Cir.2012)). "Instead, a claimant must make a showing relating to that supervisor's own action or inaction." *Id.* "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr*

*v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011), *cert. denied*, ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 2101 (2012).  Moreover,

> [a] defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the Constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the Constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Thus, § 1983 actions against supervisors are proper as long as a sufficient causal connection exists and the plaintiff was deprived under color of law of a federally secured right. *Starr v. Baca*, 633 F.3d 1191, 1196 (9th Cir. 2011) (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)).
>
> The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's Constitutional rights can be established in a number of ways. The plaintiff may show that the supervisor set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a Constitutional injury. *Dubner v. City of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001).

*Schwartz v. Lassen County ex rel. Lassen County Jail (Det. Facility)*, 838 F. Supp. 2d 1045, 1055-56 (E.D. Cal. 2012).

There is no evidence that any of the Supervisory Defendants were personally involved in providing the out-dated syringes to Plaintiff.  The Court must therefore determine whether there was a sufficient causal connection between the Supervisory Defendants' wrongful conduct and the Constitutional violation.  There can be no wrongful conduct leading to a Constitutional violation where there is no Constitutional violation.  As there is no evidence that Plaintiff was harmed by the administration of out-dated syringes, no Constitutional violation occurred here, and supervisory liability cannot attach.  The Motion for Summary Judgment regarding Plaintiff's supervisory claims against the Supervisory Defendants is granted.

**IV.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED THAT  Defendants' Motion for Summary Judgment (dkt. no. 37) is GRANTED.

ENTERED THIS 16th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9